**Luis Fernando RODRIGUEZ–
SANTOS, Petitioner,**

v.

**BOARD OF IMMIGRATION
APPEALS, Respondent.**

No. 07–3907–ag.

United States Court of Appeals,
Second Circuit.

Dec. 15, 2008.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Luis Fernando Rodriguez–Santos, Yonkers, NY, pro se.

Jamie Dowd, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Luis Fernando Rodriguez–Santos, a native and citizen of the Dominican Republic, seeks review of an August 20, 2007, order of the BIA denying Petitioner's motion to reopen. *In re Luis Fernando Rodriguez–Santos,* No. A73–070–472 (B.I.A. Aug. 20, 2007). We assume the parties' familiarity with the underlying facts and the procedural history of the case, and the issues on appeal.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Where the alien files a timely petition from the denial of a motion, but not from the underlying affirmance of the removal order, the Court may review only the denial of the motion. *See Ke Zhen Zhao v. U.S. Dept. of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). We lack jurisdiction to review a decision of the BIA not to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) because such a decision is "entirely discretionary." *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

A motion to reopen must generally be filed no later than ninety days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). Where an alien has been removed *in absentia* after failing to appear

at a proceeding for which he was provided written notice, however, the proceedings may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title." 8 U.S.C. § 1229a(b)(5)(C)(ii).

Here, contrary to the government's position, Rodriguez–Santos sought to reopen his proceedings principally on the basis of not having received notice. Indeed, the BIA acknowledged as much when it noted that Rodriguez–Santos argued that the Immigration Judge ("IJ") had erred in that respect. The BIA therefore abused its discretion when it denied the motion as untimely, citing to 8 C.F.R. § 1003.2(c)(2).

However, "we may affirm the BIA's denial of the motion to reopen on grounds not stated in the decision if we are certain, given the facts, as to how the BIA would have resolved this issue." *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir.2000). With certain exceptions not applicable here, an alien may file only one motion to reopen removal proceedings (whether before the BIA or the Immigration Judge). *See* 8 C.F.R. § 1003.2(c)(2); § 1003.23(b)(4)(iii). Rodriguez–Santos filed two motions to reopen his *in absentia* removal proceedings claiming that he did not receive notice, one before the IJ in June 2002, and the current motion. Thus, his second motion was numerically barred. Accordingly, we find that remand is not necessary because it would be futile. *See Cao He Lin v. U.S. Dept. of Justice*, 428 F.3d 391, 401–02 (2d Cir.2005).

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby **DENIED.**